Thomas M. BOLICK, Appellant

v.

COMMONWEALTH of Pennsylvania,
Appellee.

Superior Court of Pennsylvania.

Argued Dec. 5, 2012.

Filed June 4, 2013.

Reargument Denied Aug. 5, 2013.

Thomas M. Bolick, appellant, pro se.

BEFORE: BOWES, J., OLSON, J., and WECHT, J.

OPINION BY WECHT, J.:

Thomas Bolick ["Appellant"] appeals *pro se* the trial court's January 26, 2012 order denying his "Motion to Vacate the Part of this Nunc Pro Tunc Judgment Dated September 29, 2009 That is Void and Reinstate the Valid Unappealed Final Order Which Was Rendered June 25, 2007." We affirm.

We previously summarized the facts underlying this appeal, as follows:

In 1981, Appellant was convicted of burglary, for which he received a sentence of 2.5 to 10 years' imprisonment. Since that time, Appellant has filed numerous appeals and petitions challenging that conviction.[1] On March 13, 2007, Appellant filed *pro se* a civil motion to strike/open judgment, attacking his 1981 burglary conviction. On May 15, 2007, Appellant filed a notice of intention to file a *praecipe* for oral argument. On May 25, 2007, the trial court denied the motion without a hearing. On June 4, 2007, Appellant filed a request for placement of his petition to strike/open judgment on the oral argument list, attaching also a draft order for rule to show cause. The trial court wrote, "Denied," on the order, then signed and dated it "June 11, 2007." *See* Order, dated 6/11/07. The order was docketed on June 12, 2007.

On June 20, 2007, Appellant filed another *praecipe* requesting that his petition to strike/open judgment "be submitted to the designated Judge for assignment." Praecipe, filed 6/20/07. Appellant attached to this *praecipe* a draft order stating, "[T]he court on its own motion vacates/strikes the judgment rendered in this cause on January 20, 1981 … for the reason that as a matter of law that judgment is void on its face for lack of jurisdiction due to **fraud upon the court.**" Order, filed 6/26/07. The trial court signed this order, which was entered on June 26, 2007. Appellant presented the order to the state police in August of 2007. After the police notified the trial court of this order, the trial court filed an order on November 15, 2007, vacating its June 26th order on the basis that the "order was inadvertently signed." Order, filed 11/15/07. When the state police refused to strike his burglary conviction from his record, Appellant filed [an appeal with this Court on December 11, 2007].

[1]. The United States Court of Appeals, Third Circuit, recently noted: "In recent years, and despite the expiration of his sentence, [Appellant] has sought to challenge his conviction by seeking post-conviction review in state court. After his last such unsuccessful attempt, [Appellant] filed [his claims with the federal courts]." *Pennsylvania v. Bolick*, 144 Fed.Appx. 274 (3d Cir.2005) (unpublished).

*Bolick v. Commonwealth*, 24 A.3d 455 (Pa.Super.2011) (unpublished memorandum at 1–2) (citing *Commonwealth v. Bolick*, 2153 MDA 2007, (Pa.Super.2008) (unpublished memorandum at 1–3)). As a result of the 2007 appeal, we directed the trial court to vacate the June 26, 2007 and November 15, 2007 orders and reinstate the May 25, 2007 order. *Bolick*, 2153 MDA 2007 (Pa.Super.2008). On October 6, 2009, the trial did as instructed.

Appellant appealed the October 6, 2009 order. We affirmed that order. *Bolick*, 1182 MDA 2010 (Pa.Super.2011). Appellant then filed the above-styled motion, which the trial court denied on January 26, 2009. Appellant appeals the January 26, 2009 order denying his motion. The trial court did not order a Pa.R.A.P. 1925(b) statement. The trial court entered a 1925(a) opinion directing our attention to the October 6, 2009 order.

Appellant presents the following issues:

1) Whether the portion of the Order of the Northumberland County Court of Common Pleas dated September 29, 2009, purportedly vacating the valid, final June 25, 2007 Discharge Order that was never appealed, or challenged legally, is *void ab initio* on its face and thus unenforceable since the court lacked jurisdiction of the subject matter, and of [Appellant] and the court acted in a manner inconsistent with due process of law and

without authority to deny Appellant, [Appellant's] vested rights that it should have been vacated?

2) Did the trial court commit reversible error by refusing to strike the judgment entered in this case when the face of the record showed flaws which undermined the validity of that judgment?

Appellant's Brief at 5.

■ Appellant's first issue is identical, word-for-word, to an issue Appellant presented in the 2011 appeal. *Bolick,* 1182 MDA at 4. Appellant's second issue appears to rehash previous arguments that this Court has found to be unconvincing. Regardless, Appellant has failed to present an argument in support of his second issue. Accordingly, that issue is waived. Pa.R.A.P. 2119(a); *Commonwealth v. Spotz,* 610 Pa. 17, 18 A.3d 244, 282 (2011).

■ This is not the first time that Appellant has reasserted issues that already have been decided by our courts. For thirty years, Appellant persistently has petitioned our trial courts, appellate courts, and federal courts in efforts to overturn his 1981 burglary conviction. As we stated in the memorandum resolving the 2011 appeal:

> Appellant's argument seeks to convince us to alter a decision decreed by a prior panel of this Court at an earlier stage of this same litigation. As such, in reviewing the merits of this argument, we recognize that the law of the case doctrine shall control the outcome of Appellant's appeal.

*Id.* at 5. In the 2011 memorandum, we quoted *Commonwealth v. Starr,* 541 Pa. 564, 664 A.2d 1326, 1331–32 (1995), in holding that Appellant's appeal was devoid of merit and that the underlying order would be affirmed. The relevant portion of *Starr* states, "upon a second appeal, an appellate

court may not alter the resolution of a legal question previously decided by the same appellate court[.]" *Id.* at 6 (emphasis omitted). The law of the case doctrine applies once again, and Appellant has not pled an applicable exception. Appellant's appeal lacks merit. We affirm the trial court's order.

■ In light of the frivolous and vexatious litigation pursued by Appellant, the Commonwealth suggests that we issue an order barring Appellant from presenting our courts with any more filings in CV–07–441 and CR–79–323. Commonwealth's Brief at 4. We agree that Appellant has long abused the judicial process with repeated filings that raise issues decided previously. We bar Appellant's future appeals raising claims already decided on the merits by this Court. *See Winpenny v. Winpenny,* 775 A.2d 815 (Pa.Super.2001) (barring *pro se* appellant from filing future appeals after appellant abused the judicial process by filing six meritless appeals in the same property partition dispute); *Lal v. Borough of Kennett Square,* 786 A.2d 1019 (Pa.Cmwlth.2001) (barring *pro se* appellant from filing future appeals after a decade of frivolous litigation arising out of building owner's noncompliance with local building codes).

While this litigation began in our criminal courts, Appellant has sought relief in our civil courts since at least 2005. *See Bolick,* 144 Fed.Appx. 274 (3d Cir.2005) (unpublished). Accordingly, we direct the Commonwealth's attention to Pa.R.C.P. 233.1, which permits a court of common pleas to dismiss and bar frivolous *pro se* litigation at the prompting of a defendant:

> (a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that

(1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and

(2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.

(b) The court may stay the action while the motion is pending.

(c) Upon granting the motion and dismissing the action, the court may bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court.

Pa.R.C.P. 233.1. Our Supreme Court offered the following comment to Rule 233.1:

It has come to the attention of the Supreme Court that certain litigants are abusing the legal system by repeatedly filing new litigation raising the same claims against the same defendant even though the claims have been previously adjudicated either through settlement or through court proceedings. New Rule 233.1 provides relief to a defendant who has been subjected to this type of repetitive litigation. While attorneys are subject to the rules of disciplinary procedure, no analogous rule exists to curb this type of abuse when done by a *pro se* party.

Upon the filing of an action by a *pro se* plaintiff, a defendant may file a motion to dismiss a pending action provided that (1) the *pro se* plaintiff is alleging the same or related claims against the same or related defendants, and (2) the claims have already been resolved pursuant to a settlement agreement or a court proceeding. The new rule also gives the trial court discretion to bar the *pro se* litigant from filing further litigation against the same or related defendants raising the same or related claims without leave of court.

Pa.R.C.P. 233.1, Explanatory Comment (2010).

██ We believe that Rule 233.1 makes clear that the power to bar frivolous litigation at the trial court level rests with the trial court. Should Appellant again present any filing in this matter to the trial court, the Commonwealth may choose to file a motion with the trial court to dismiss the action and bar future litigation on the matter pursuant to Rule 233.1. The trial court will then have the discretion to bar future litigation, if it so chooses.

Order affirmed. Jurisdiction relinquished.