J-S48019-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ARTHUR RAY PERKINS, | : | |
| | : | |
| Appellant | : | No. 1942 WDA 2014 |

Appeal from the PCRA Order June 26, 2014,
Court of Common Pleas, Erie County,
Criminal Division at No. CP-25-CR-0001311-2011

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ARTHUR RAY PERKINS, | : | |
| | : | |
| Appellant | : | No. 1943 WDA 2014 |

Appeal from the PCRA Order June 26, 2014,
Court of Common Pleas, Erie County,
Criminal Division at No. CP-25-CR-0000298-2011

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ARTHUR RAY PERKINS, | : | |
| | : | |
| Appellant | : | No. 1945 WDA 2014 |

Appeal from the PCRA Order June 26, 2014,
Court of Common Pleas, Erie County,
Criminal Division at No. CP-25-CR-0000299-2011

J-S48019-15

BEFORE: PANELLA, DONOHUE and WECHT, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED AUGUST 11, 2015**

Appellant, Arthur Ray Perkins ("Perkins"), appeals from the order

entered on June 26, 2014 by the Court of Common Pleas of Erie County,

Criminal Division, denying his petition filed pursuant to the Post Conviction

Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

A prior panel of this Court summarized the facts and procedural history

of this case as follows:

> In 2007, H.L.S. (age 11), and twins A.S.B. and
> G.S.B. (age 15), lived in the same trailer park as
> [Perkins] (age 68). The twins befriended [Perkins]
> through their older sister; H.L.S. met [him] through
> the twins. The twins performed chores around the
> home for [Perkins], initially as part of the community
> service they were required to do for underage
> drinking, and later in exchange for [Perkins] buying
> them food and clothing and driving them to and from
> activities such as cheerleading practice.
>
> The three girls often spent time with [Perkins] in his
> trailer, playing cards and smoking cigarettes, and,
> later in time, drinking alcohol and smoking
> marijuana. The card games often involved the girls'
> hiding cards in their bras or pants for [Perkins] to
> retrieve. The twins flashed their breasts to [Perkins]
> in exchange for cigarettes. [Perkins] kept a log of
> how much money each of the girls owed to him.
> G.S.B. understood that they could pay [Perkins] back
> when they turned [seventeen] by having sex with
> [him].
>
> A.S.B. testified that once, when she was alone with
> him, [Perkins] showed her a pornographic movie,
> squeezed her breasts, and touched her genital area
> through her clothes. H.L.S. testified that on one

- 2 -

occasion, [Perkins] pulled down H.L.S.'s pants and underwear, spanked her bare rear end, and said "nice butt."

At age [sixteen], the twins were picked up by the police for underage stripping at the Velvet Club. Angry because they believed that [Perkins] had turned them in, the twins informed the police that [Perkins] was the one who took them to the club, as well as of the details of their interactions with [him] at his trailer.

[Perkins] was arrested and released on bail. Shortly thereafter, the twins went, with their father, to visit [Perkins] at his trailer. H.L.S. also went to see [Perkins] to get a cigarette. At [Perkins'] request, and in exchange for promises to take them shopping and to Waldameer amusement park, G.S.B. copied, and both twins signed, a statement authored by [Perkins] that indicated that all of the information in their statements to the police was false. H.L.S. signed a statement written by [Perkins] which indicated that the incident involving [Perkins] pulling H.L.S.'s pants down never happened.

[Perkins] testified at trial. He admitted to providing the girls with cigarettes, alcohol, and marijuana, and to reaching into their clothing during card games to retrieve hidden cards, which he described as "monkeying around." He admitted to engaging in sexual innuendo with the girls and seeing their breasts when they flashed him. [Perkins] denied taking down H.L.S.'s pants and denied the incident of touching A.S.B. when they were alone.

Following a non-jury trial, the trial court found Appellant not guilty of counts of indecent exposure and indecent assault as to G.S.B. and A.S.B. The verdict was guilty as to indecent assault of H.L.S., intimidation of H.L.S., and the various corruption of minors counts as to all three girls. On January 5, 2012, after a presentence investigation, the trial court sentenced [Perkins] at each count to either

> [twenty-one to sixty months of] incarceration or [twenty-four to sixty months of] incarceration, with all sentences running concurrently.

On September 11, 2012, a panel of this Court affirmed Perkins' judgment of sentence.

> On May 15, 2013, [Perkins] filed a pro se [] letter, which this [c]ourt treated as a PCRA petition. This [c]ourt appointed PCRA counsel and on August 6, 2013, [Perkins] filed a counseled [s]upplement [t]o [m]otion [f]or [p]ost [c]onviction [c]ollateral [r]elief. A PCRA evidentiary hearing was held before this [c]ourt on November 7, 2013.

PCRA Court Opinion, 6/26/14, at 3. On June 26, 2014, the PCRA court denied Perkins' PCRA petition. This appeal followed.[1]

On appeal, Perkins raises the following issue for our review and determination:

> Whether [Perkins] was afforded ineffective assistance of trial counsel in failing to introduce certain written documents in the form of statements and correspondence from the alleged victims and their sister Rachel in which the minor girls recanted or retracted some of their allegations against [Perkins]?

Perkins' Brief at 2.[2]

---

[1] On October 27, 2014, the PCRA court granted Perkins' petition to reinstate his right to appeal the denial of his PCRA petition nunc pro tunc.

[2] We note that Perkins also attempts to raise the following issue:

> Whether the PCRA [c]ourt committed legal error and abused its discretion in dismissing [Perkins' PCRA petition] in that trial counsel was ineffective for

- 4 -

We begin by acknowledging that "[o]ur standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Id.*

Perkins asserts that trial counsel was ineffective for failing to introduce written statements and correspondence from two of the alleged victims, G.S.B. and A.S.B., in which the minor girls recanted or retracted several of their allegations against Perkins. *See* Perkins' Brief at 10-11. In deciding

---

failing to present [the] trial testimony of Frank Bruno, Loretta Bruno, Rachel Bruno, Thomas Younger and Judith Brandt?

Perkins' Brief at 2. Perkins, however, has waived this issue on appeal for failure to set forth any argument in support of the issue. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."); *Bolick v. Commonwealth*, 69 A.3d 1267, 1269 (Pa. Super. 2013) (finding an issue raised on appeal waived because the appellant failed to present any argument), *appeal denied*, 84 A.3d 1061 (Pa. 2014).

Though the PCRA court compelled the introduction of evidence on the issue, we are perplexed as to why PCRA counsel decided to raise the issue as PCRA counsel has consistently maintained it is meritless. *See* Perkins' Brief at 4-9; N.T., 11/7/13, at 2-3; Supplement to Motion for Post Conviction Collateral Relief, 8/5/13, at 5-8. Nevertheless, based upon our review, we agree with both the PCRA court's and PCRA counsel's assessment that it is meritless. Because PCRA counsel has raised another issue in which he advocates on Perkins' behalf, it is clear that PCRA counsel has not abandoned Perkins.

- 5 -

ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. **Commonwealth v. Bomar**, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." **Id.** (citation omitted). To demonstrate prejudice in an ineffective assistance of counsel claim, "the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Commonwealth v. King**, 57 A.3d 607, 613 (Pa. 2012). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. **Bomar**, 104 A.3d at 1188.

We conclude that this issue is meritless. At trial, trial counsel extensively cross-examined victims G.S.B. and A.S.B. regarding falsely bringing these allegations of sexual misconduct against Perkins and how they later wrote statements recanting those allegations. N.T., 9/19/11, at 73-79, 109-14. Additionally, trial counsel introduced into evidence several statements reflecting G.S.B.'s and A.S.B.'s recantations. **See id.** Accordingly, the additional written statements and correspondence that Perkins contends trial counsel should have introduced were cumulative of

- 6 -

other evidence introduced at trial. Our Supreme Court has held that an ineffective assistance of counsel claim fails for lack of prejudice where a defendant argues that trial counsel was ineffective for failing to introduce evidence cumulative of already admitted testimony. *See Commonwealth v. Miller*, 987 A.2d 638, 668 (Pa. 2009) (holding claim that trial counsel was ineffective for failing to obtain and introduce the appellant's drug records failed for lack of prejudice because the drug records were cumulative of evidence already introduced regarding the appellant's substance abuse problems). Accordingly, this issue does not entitle Perkins to any relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2015