J-A25010-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| PAMELA W. McKINNEY, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KEARY H. WILLIS, | : | |
| | : | |
| Appellant | : | No. 3287 EDA 2014 |

Appeal from the Order entered October 28, 2014,
Court of Common Pleas, Montgomery County,
Domestic Relations at No. 2008-22116 – PACSES: 759110222

BEFORE:  DONOHUE, MUNDY and FITZGERALD*, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED OCTOBER 20, 2015**

Keary H. Willis ("Father") appeals pro se from the order of court denying his petitions for modification of his child support obligation.  We affirm.

Father and Pamela W. McKinney ("Mother") are the parents of one child who was born in 2006.  The parties separated in July 2007.  In August 2008, Mother filed a complaint for child support.  Following a conference before the support conference officer, Father was required to pay $1,316.08 per month from January 2009 forward.  Trial Court Order, 12/29/08, at 1-2.

In August 2009, Father filed a petition seeking to reduce his child support obligation.  This resulted in a decrease in Father's obligation to $1,127.59 per month.  Trial Court Order, 11/10/09.  In September 2012, Father again sought to reduce the amount of child support and it was further

_____

*Former Justice specially assigned to the Superior Court.

reduced to $923.58 per month. Trial Court Order, 12/12/12. In March 2013, Father filed his third petition for modification, which the trial court dismissed upon finding no change in circumstances warranting a modification. Trial Court Order, 5/13/13. In August 2013, Father filed his fourth petition to modify, which the trial court dismissed because Father failed to appear for the support conference. Trial Court Order, 9/19/13.

Father filed yet another modification petition on April 22, 2014. In response, Mother filed a petition seeking to increase Father's support obligation on June 20, 2014. After a conference addressing these two petitions, Father's support obligation was reduced to $596.45 per month. Trial Court Order, 7/9/14. While Mother's exceptions to this order were pending, Father filed another petition to modify. The trial court set a hearing for October 27, 2014 to address Mother's exceptions and Father's intervening modification petition. The order setting this hearing date stated "see accompanying Order relating to: discovery (and read **carefully**)." Trial Court Order, 8/27/14 (emphasis in the original). The discovery order, which was issued on the same date, instructed the parties to

> bring to the hearing, and supply to the other side [ten] days in advance of the hearing … 2013 tax return including all supporting documents. … Year-to-date pay stub and/or any other statements showing total year-to-date income, for all jobs and/or all sources, for 2014. If self-employed, profit and loss statement through [September 30, 2014].

- 2 -

**THESE DOCUMENTS MUST BE PRODUCED AT HEARING WHETHER OR NOT THEY WERE SUBMITTED AT ANY PRIOR PROCEEDING.**
***
**FAILURE TO COMPLY WITH ANY PART OF THIS ORDER MAY RESULT IN AN ADVERSE INFERENCE BEING DRAWN AGAINST THE PARTY FAILING TO COMPLY, AND/OR DISMISSAL OF THE PETITION/EXCEPTIONS, IF FILED BY THE PARTY WHO FAILS TO COMPLY.**

Trial Court Discovery Order, 8/27/14 (emphasis in the original).

At the outset of the October 27, 2014 hearing, the trial court requested the parties hand up the items they were instructed to bring. Mother complied, but Father indicated that he did not bring his documents. The trial court then said, "Okay. Then you will not be permitted to produce any evidence, and the case will be decided only on that which is presented by [Mother]." N.T., 10/27/15, at 3. Shortly thereafter, the trial court asked Father directly whether he received the scheduling and discovery orders, and Father admitted that he had. *Id.* at 4-5.

At the conclusion of the October 27, 2014 hearing, the trial court dismissed all three petitions and reinstated the December 2012 support order setting Father's obligation at $923.58 per month and added an additional $500 to address Father's substantial arrears. Trial Court Order, 10/28/14.[1] Father then filed this timely appeal.

---

[1] This amount was later reduced to $648.47 plus $500 on arrears. This reduction was made to reflect the end of Father's obligation to contribute to the child's tuition expense. Trial Court Opinion, 1/28/15, at 3.

Father presents the following issue for our review: "Whether the [trial] court may ignore evidence submitted by [Father] who is [p]ro [s]e and foreclose on a substantive issue of earning capacity, creating an effect of [c]ontempt and thereby jeopardize civil liberties[?]" Father's Brief at 1.[2] Specifically, Father complains that the trial court erroneously refused to accept the evidence he brought to the hearing (a physician's form regarding a temporary physical disability) because he failed to comply with its discovery order. **See** Father's Brief at 7.[3]

> Generally, imposition of sanctions for a party's failure to comply with discovery is subject to the discretion of the trial court, as is the severity of the sanctions imposed. The trial court's discretion, however, is not unfettered. When a discovery sanction is imposed, the sanction must be appropriate when compared to the violation of the discovery rules.

***Anthony Biddle Contractors, Inc. v. Preet Allied Am. St., LP***, 28 A.3d 916, 926 (Pa. Super. 2011) (internal citations omitted).

---

[2] Father did not include page numbers of his appellate brief. We have numbered the pages for ease of reference.

[3] Father's argument does not include citation to a single authority in support of his position. This is in direct contravention of our Rules of Appellate Procedure. **See** Pa.R.A.P. 2119. We recognize that Father is representing himself. "Although this Court is willing to liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon the appellant. ***Wilkins v. Marsico***, 903 A.2d 1281, 1284-85 (Pa. Super. 2006). As such, Father was bound to follow the briefing requirements promulgated in the Rules of Appellate Procedure. Although we are empowered to find an issue waived for failure to properly develop it with discussion of relevant authority, ***id.***, we will not do so in this instance. We urge Father to conform to the Rules if he files a brief in this Court in the future.

"Mindful … that each factor represents a necessary consideration and not a necessary prerequisite, this Court has outlined the following factors" for trial courts to contemplate when imposing a sanction for violating a discovery order: "(1) the nature and severity of the discovery violation; (2) the defaulting party's willfulness or bad faith; (3) prejudice to the opposing party; (4) the ability to cure the prejudice; and (5) the importance of the precluded evidence in light of the failure to comply." ***Id.***

In consideration of these factors, we can find no abuse of discretion in the trial court's sanction against Father for failing to adhere to its discovery order.  Father's discovery violation was severe.  The trial court's discovery order specifically delineated the documents Father was required to bring. Father admitted that he had filed his 2013 taxes and that he was employed in the past year.  N.T., 10/27/14, at 5.  However, not only did Father not bring the documents the trial court ordered him to bring, but the only document he brought provided no information about his income.  Thus, Father's failure to provide the requested information complicated the resolution of the matters before the trial court.  Father's discovery violation was also highly prejudicial to Mother.  Mother was seeking to establish that Father's income had increased.  N.T., 8/27/14, at 6-8, 13.  Father was the only one in possession of information regarding his income, and not adhering to the trial court's order hampered her ability to establish such an increase.

Further, there is evidence that would support a conclusion that Father's discovery violation was willful. When answering the trial court's questions about the income he receives as a self-employed private detective, Father stated a precise amount that he was owed in outstanding invoices ($758). Father explained that he knew this exact figure because he had just "put everything on an account program, QuickBooks, last night[,]" though he immediately admitted that he did not bring any such information with him. *Id.* at 18. At the time of this hearing, Father had been subject to a child support obligation for six years and had filed multiple petitions to reduce his obligation. As such, Father was well aware of what information the trial court required to dispose of the parties' competing modification petitions. Father's extensive experience with child support proceedings nullifies any inkling that he was unaware how vital the documents at issue were to the resolution of the cross-petitions to modify.

Finally, we note that the evidence Father was precluded from offering, a physician's form, was of minimal importance compared to the documents outlined in the trial court's discovery order. The information required by the trial court would have established Father's income for 2013 and his income at the time of the hearing. The information Father sought to introduce would have substantiated Father's claim that a temporary disability caused his income to be reduced, but it would not provide substantive information

as to Father's income or income history, which was the crucial inquiry of the proceeding.

In light of the relevant considerations, we find no abuse of discretion in the trial court's sanction. Accordingly, we affirm the trial court's order.[4]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2015

---

[4] In his "summary of the argument," Father complains that the trial court erred by reinstating the December 2012 support order rather than the January 7, 2014 order. Father's Brief at 5. Not only did Father not include a discussion of this issue in the argument portion of his brief (which is a sufficient basis to find this issue waived, *see Bolick v. Commonwealth,* 69 A.3d 1267, 1269 (Pa. Super. 2013)), Father did not include this issue in his statement of questions involved, and so it has been waived. *Southcentral Employment Corp. v. Birmingham Fire Ins. Co. of Pennsylvania*, 926 A.2d 977, 983 n.5 (Pa. Super. 2007) (holding that issue not explicitly raised in statement of questions presented is waived) Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").