J-A19037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARGUERITE DUTTON, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| HOSPITAL OF THE UNIVERSITY OF | : | |
| PENNSYLVANIA, | : | No. 2835 EDA 2016 |

Appeal from the Order August 23, 2016
in the Court of Common Pleas of Philadelphia County,
Civil Division, No(s):  4412

BEFORE:  BENDER, P.J.E., DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:　　　　　　**FILED SEPTEMBER 21, 2017**

Marguerite Dutton ("Dutton"), *pro se*, appeals from the Order (hereinafter, "the dismissal Order") granting the Motion to Dismiss filed by the Hospital of the University of Pennsylvania (hereinafter, "the Hospital"), and dismissing Dutton's Complaint, with prejudice.  Additionally, the Hospital has filed an Application to Dismiss Dutton's appeal for her failure to conform with the briefing requirements of our Appellate Rules.  We affirm the dismissal Order and deny the Hospital's Application to Dismiss.[1]

---

[1] Though the Hospital is correct that Dutton's *pro se* brief does not strictly comply with our briefing requirements, we decline to dismiss the appeal. ***See Branch Banking & Tr. v. Gesiorski***, 904 A.2d 939, 942 (Pa. Super. 2006) (observing that "this Court is willing to liberally construe materials filed by a *pro se* litigant[.]") (citation omitted); ***see also Stout v. Universal Underwriters Ins. Co.***, 421 A.2d 1047, 1049 (Pa. 1980) (stating that the "extreme action of dismissal should be imposed by an appellate court sparingly, and clearly would be inappropriate when there has been substantial compliance with the rules and when the moving party has suffered no prejudice.").

The trial court summarized the relevant procedural history of this appeal as follows:

> Dutton [averred in her Complaint that] she received negligent treatment at [the Hospital,] during her hospitalization there in May 2013 and June 2013. To this end, on May 15, 2015, [Dutton] filed, *pro se*, a Complaint sounding in medical malpractice against the Hospital … and Nikkish McCrea, M.D. [("Dr. McCrea")] (hereinafter referred to as the "May 2015 case"). ***See Dutton v. Hospital of the University of Pennsylvania***, Philadelphia Court of Common Pleas, May Term 2015 No. 1655. On June 16, 2015, counsel for the Hospital … and Dr. McCrea filed a Notice of Intent to Enter Judgment of *Non Pros*[,] pursuant to Pa.R.C.P. 1042.6[,] because no certificates of merit had been filed. On July 17, 2016, a Judgment of *Non Pros* was entered [against Dutton,] pursuant to Pa.R.C.P. 1042.3 [(providing, generally, that in any action alleging professional negligence, the plaintiff must file a certificate of merit within sixty days),] because [Dutton] had not filed certificates of merit within the requisite time period. Fourteen days later, on July 30, 2015, [Dutton] filed a Petition to Strike the Judgment of *Non Pros*. By Order dated August 21, 2015, … the Honorable John Younge [("Judge Younge")] denied the Petition to Strike Judgment of *Non Pros*. [Dutton] then filed a Motion for Reconsideration, which Judge Younge denied by Order dated September 14, 2015 …. On October 9, 2015, [Dutton] filed an appeal to the Superior Court[. B]y [a] *per curiam* Order filed on January 20, 2016, the Superior Court quashed [Dutton's] appeal as untimely. ***See Dutton v. Hospital of the University of Pennsylvania***, ***et al.***, 3285 EDA 2015 (Pa. Super. 2016). [Dutton] did not seek further review of this matter.
>
> On February 29, 2016, [Dutton] commenced the instant action against [the Hospital] by filing a Complaint alleging malpractice related to her May-June 2013 admission to the Hospital …. [Dutton] filed an Affidavit of Service on April 7, 2016[,] indicating [that] the Complaint had been served upon [the Hospital] by certified mail. On May 19, 2016, [Dutton] entered a default judgment against [the Hospital]. Five days later, on May 25, 2016, [the Hospital] filed a Petition to Strike/Open the Default Judgment. By Order dated June 16, 2015, [the trial c]ourt granted [the Hospital's] Petition and struck the default judgment.

On May 26, 2016, [the Hospital] filed a Motion to Dismiss pursuant to [Pa.R.C.P.] 233.1,[2] arguing [that Dutton's] Complaint should be dismissed because the claims therein were previously resolved in the May 2015 action. [Dutton] filed a Response in which she argued [that] she should be given a sixty-day extension in which to file a certificate of merit. By Order dated August 23, 2016, [the trial c]ourt granted [the Hospital's] Motion to Dismiss and dismissed [Dutton's] Complaint[,] with prejudice. [Dutton timely] filed this appeal on September 4, 2016.[3]

Trial Court Opinion, 12/22/16, at 1-2 (footnotes added; footnote in original omitted).

On appeal, Dutton presents the following issue for our review: "When the [trial] court dismissed [Dutton's] case, were [her] rights violated?" Brief for Appellant at 1.

_____

[2] Rule 233.1 provides, in relevant part, as follows:

**(a)** Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that

**(1)** the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and

**(2)** these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.

Pa.R.C.P. 233.1(a).

[3] Dutton also has filed a separate appeal of an Order dismissing her medical malpractice action against Dr. McCrea, pursuant to Rule 233.1(a), which is pending decision before a different panel of this Court at docket no. 555 EDA 2017.

We review a trial court's grant of a motion to dismiss pursuant to Rule 233.1 under an abuse of discretion standard. **See Coulter v. Ramsden**, 94 A.3d 1080, 1086 (Pa. Super. 2014); **see also Bolick v. Commonwealth**, 69 A.3d 1267, 1270 (Pa. Super. 2013) (stating that "Rule 233.1 makes clear that the power to bar frivolous litigation at the trial court level rests with the trial court."). "[T]he court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason [or] if it does not follow legal procedure." **Coulter**, 94 A.3d at 1086 (citation omitted).

In her one-paragraph Argument section, which lacks any citation to legal authority or the record,[4] Dutton argues that the trial court improperly granted the Hospital's Motion to Dismiss, where (1) it was "filed before the default judgment[, *i.e.*, which she had entered against the Hospital in May 2016,] was open[ed], [and] therefore cannot be ruled on"; and (2) "because a default judgment [had previously been] entered, therefore[,] the certificate of merit was not required." Brief for Appellant at 5.

In its Opinion, the trial court determined that it had properly granted the Hospital's Motion to Dismiss, stating as follows:

_____

[4] **See** Pa.R.A.P. 2119(a) (requiring that the argument portion of the brief include a relevant discussion of points raised along with citation to pertinent authorities); **see also Jacobs v. Chatwani**, 922 A.2d 950, 962-63 (Pa. Super. 2007) (finding waiver where the appellant provided only a vague, undeveloped argument in support of her claim and did not cite to the record).

- 4 -

> The facts of the case *sub judice* fall directly under the umbrella of Rule 233.1(a). Specifically, [Dutton] is proceeding *pro se*, the malpractice claims against [the Hospital] in the case at bar mirror the malpractice claims set forth in the May 2015 case, and the May 2015 case was resolved by the entry of judgment of *non pros* for failure to comply with Rule 1042.6. Of particular note in this case is the fact that the May 2015 case was dismissed for [Dutton's] failure to file certificates of merit. In her June 15, 2016 Response to the Motion to Dismiss, [Dutton] requested an additional sixty days in which to file a certificate of merit. This [c]ourt ruled on the Motion to Dismiss on August 23, 2016 – sixty[-]nine days after [Dutton's] Response to the Motion to Dismiss – yet [Dutton] had still not filed a certificate of merit. In light of the foregoing, this [c]ourt properly granted [the Hospital's] Motion to Dismiss.

Trial Court Opinion, 12/22/16, at 3. We agree with the trial court's analysis and determination, which is supported by the record.

Accordingly, as we discern no abuse of the trial court's discretion in granting the Hospital's Motion to dismiss, *see **Coulter***, *supra*, and Dutton's above-mentioned claims do not entitle her to relief, we affirm the dismissal Order.

Order affirmed. Application to Dismiss denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2017

- 5 -