J-S34033-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL RAMON OCHOA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DR. ARTHUR LEVINE; UNIVERSITY | : | No. 240 WDA 2022 |
| OF PITTSBURGH BOARD OF | : | |
| TRUSTEES; UPMC BOARD OF | : | |
| DIRECTORS; DAVID S. POLLOCK, | : | |
| BRIAN C. VERTZ; BENJAMIN E. | : | |
| ORSATTI; POLLOCK BEGG KOMAR | : | |
| GLASSER VERTZ LLC; DR. GEORGE | : | |
| K. MICHALOPULOS; DR. ANTHONY | : | |
| JAKE DEMETRIS; PRESTON G. | : | |
| ATHEY; ZACHARY LEHMAN; THE HILL | : | |
| SCHOOL; DR. ANNE THOMPSON; DR. | : | |
| PARMJEET S. RANDHAWA; DR. | : | |
| MICHAEL A. NALESNIK; DR. MARTA | : | |
| I. MINERVINI; DR. TONG WU; | : | |
| THOMAS E. STARZL | : | |
| TRANSPLANTATION INSTITUTE; DR. | : | |
| MUKESH SAH; DR. PIERRE AZZAM; | : | |
| DR. ROLF G. JACOB; DR. DUANE G. | : | |
| SPIKER; DR. SAMUEL | : | |
| WESMORELAND; WESTERN | : | |
| PSYCHIATRIC INSITITUTE AND | : | |
| CLINIC; DR. ERIN RUBIN | : | |

Appeal from the Order Dated February 7, 2022
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD-13-011757

BEFORE: DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED: September 30, 2022**

_____

[*] Retired Senior Judge assigned to the Superior Court.

Michael Ramon Ochoa (Ochoa) appeals, *pro se*, an order of the Court of Common Pleas of Allegheny County (trial court) dismissing his claims against the above-captioned Appellees.[1]  We affirm.

The procedural history of the present matter is lengthy and convoluted. Essentially, Ochoa commenced this case in 2013, alleging, among other things, that a group of physicians and medical institutions had mistreated him and then withheld information about his hospitalizations.  In 2018, Ochoa filed a complaint which included a total of 43 counts and 25 defendants.  All of those counts were dismissed in 2019 except for Count 26, which concerned a request for medical records, and these documents are the sole point of contention in the present appeal.[2]

In 2021, the parties agreed that the request for relief in Count 26 would be satisfied if the subject records were released to Ochoa upon his submission of an authorization of their release.  Ochoa submitted an authorization for the release of the records to the Health Information Management Department of

---

[1] Ochoa filed a separate appeal (docket number 241 WDA 2022) as to the trial court's simultaneous order denying Ochoa's motion *in limine*, and the appeal was quashed due to being interlocutory and duplicative of the present appeal.

[2] Judgment was entered as to the remaining 42 counts on April 15, 2019, after Ochoa failed to file an amended complaint to cure the deficiencies in those counts.  The named defendants as to remaining claim in Count 26 are Dr. Mukesh Sah; Dr. Arthur Levine; Dr. Anne Thompson; the Department of Critical Care Medicine University of Pittsburgh; the University of Pittsburgh Board of Trustees; and the UPMC Board of Directors.

the UPMC Western Psychiatric Institute and Clinic (WPIC) on August 21, 2021. Lynn Conway (Conway), the records custodian of WPIC, submitted an affidavit averring that all medical records in WPIC's possession had been released to Ochoa. Subsequent to his receipt of those records, however, Ochoa continued to request additional materials pertaining to 57 days of inpatient treatment in WPIC facilities and 9 days he spent at the Allegheny County Jail. These dates ranged roughly from 2006 to 2009.

The Appellees filed a motion to dismiss Ochoa's complaint on November 12, 2021, on the ground that Ochoa's claim for outstanding medical records had been mooted by his receipt of those records. Conway's affidavit was attached to the motion. Ochoa, in turn, filed a motion *in limine* on December 21, 2021, seeking to question Conway as to WPIC's record keeping and challenging the admissibility of Conway's affidavit if such questioning were not permitted. On February 7, 2022, the trial court entered an order denying Ochoa's motion *in limine*, as well as a separate order granting the Appellees' motion to dismiss.

Ochoa timely appealed, and the trial court then directed Ochoa to submit a Rule 1925(b) statement.[3] In response, Ochoa filed a statement which included 25 purported errors. However, Ochoa appeared to misapprehend the purpose of the filing, as almost all the points raised were factual or

---

[3] Pa.R.A.P. 1925(b).

argumentative rather than specific instances of error on the part of the trial court.

In its 1925(a) opinion, the trial court reasoned that Ochoa had waived all claims on appeal because his 1925(b) statement was so incoherent that it was "the functional equivalent of no [s]tatement at all." Trial Court 1925(a) Opinion, at 5. Moreover, the trial court noted that even if Ochoa had submitted an adequate 1925(b) statement, no relief would be due because Ochoa seeks to obtain medical records which he has already received or which simply do not exist. The trial court further explained that it acted within its discretion in crediting evidence that Ochoa had already received all of the documentation of his medical treatment which he sought from the Appellees.

Ochoa's brief does little to clarify the specific points of fact and law which he believes entitle him to appellate relief. The brief's statement of the questions involved reads as follows:

> 1. Do[es] evidence in the original record, data analysis, and factual admissions of opposing counsel prove beyond any reasonable doubt that the UPMC defendants remain in violation of 28 Pa. Code 115.29? = YES
>
> 2. Did [the trial court] abuse [its] discretion by disregarding that evidence in the original record, data analysis, factual admissions by opposing counsel, the Rules of Evidence, controlling case law, and the precedents of the trial court to justify false conclusions of fact and law with unexamined, unsupported and contradictory testimony? = YES
>
> 3. Does Judge Ward's order end this case? = NO

Appellant's Brief, at 2-3.

After reviewing the record and the applicable law, we agree with the entirety of the trial court's analysis. *First*, Ochoa has indeed waived his appellate claims by failing to file an adequate 1925(b) statement. The Pennsylvania Rules of Appellate Procedure mandate that the statement must "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be for the judge." Pa.R.A.P. 1925(b)(4)(ii). "The Statement should not be redundant or provide lengthy explanations as to any error." Pa.R.A.P. 1925(b)(4)(iv). "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Ochoa's 1925(b) statement does not conform to any of these requirements and the resulting waiver of his appellate claims now precludes appellate relief.[4]

*Second*, Ochoa has failed to submit an appellate brief to this Court which conforms to the procedural rules. The arguments in a brief must be developed enough for the reviewing court to discern the essence of the issues and allow the opposing party to offer a reasonable response. *See* Pa.R.A.P. 2109(a); *see also Norman for Estate of Shearlds v. Temple Univ. Health Sys.*, 208 A.3d 1115, 1119 (Pa. Super. 2019) (holding that claims were waived

---

[4] Due to Ochoa's frivolous and burdensome litigation in his divorce proceedings, a panel of this Court, on May 24, 2014, in appellate docket number 1766 WDA 2013, entered an order barring further appeals.

because the arguments in the brief were "undeveloped and lack[ed] citation to pertinent legal authority.").[5]

The brief submitted by Ochoa is incoherent, preventing this Court from undertaking meaningful appellate review. While Ochoa states that the Appellees have violated a provision entitling him to medical records (28 Pa. Code § 115.29), he does not cogently identify which records are outstanding or why a provision of law entitles him to such materials.

To the extent that Ochoa has asserted coherent legal arguments as to the dismissal of his claim (Count 26 of the complaint) and the denial of his motion in *limine*, it would be of no avail. Both issues would turn on whether the trial court had discretion[6] to credit the affidavit of Conway as the factual

_____

[5] "Briefs and reproduced records shall conform in all material respects of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced records of the appellant and are substantial, the appeal or other matter may be quashed or dismissed." Pa.R.A.P. 2101. These rules are applicable to attorneys as well as *pro se* litigants. **See Bolick v. Commonwealth**, 69 A.3d 1267 (Pa. Super. 2013) (barring *pro se* appellant from filing future appeals due to years of filing frivolous appellate claims).

[6] An order granting a motion to dismiss is reviewed for an abuse of discretion. **See Sigall v. Serrano**, 17 A.3d 946, 949 (Pa. Super. 2011). An abuse of discretion is not merely an error of judgment, but rather, it exists when the trial court has rendered a judgment that is "manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will." **Wall Rose Mut. Ins. Co. v. Manross**, 939 A.2d. 958, 962 (Pa. Super. 2007) (holding that the court did not abuse its discretion where the record adequately supports the trial court's reasons and factual basis).

basis for determining that Ochoa's record request was moot. We find the trial court's reasoning persuasive in this regard:

> [A] record of an act constitutes competent evidence if:
>
> > (1) the custodian testified to its identity and the mode of its preparation;
> >
> > (2) it was made in the regular course of business at or near the time of the act; and
> >
> > (3) if the sources of information, method and time of preparation justify its admission according to the tribunal's opinion.
>
> [42 Pa.C.S. § 6108.]
>
> In addition, a custodian of original medical charts or records may only be required to testify on an issue in dispute "if the subpoena duces tecum so specifies[.]" 42 Pa.C.S. § 6158. Even if a health care facility fails to produce all records specified in a subpoena, "the custodian of the charts or records shall so state in a notarized affidavit[.]" 42 Pa.C.S. § 6154.
>
> Here, . . . Ms. Conway was not required to testify in person [because WPIC and Conway were never subpoenaed]. **_See In Re Ulrich_**, 109 A. at 924; 42 Pa.C.S. § 6158. Rather, Lynn Conway's affidavit constitutes competent evidence that provided support to [the] Motion to Dismiss, amidst other documents including those submitted by [Ochoa] himself. In Lynn Conway's affidavit, Ms. Conway attested to the record's identity and mode of preparation, the requirements for a valid authorization and the steps taken to process a valid authorization, and that [Ochoa's] request was processed pursuant to the same.

Trial Court 1925(a) Opinion, at 8-9 (footnotes omitted).[7]

_____

[7] The trial court added that WPIC was only statutorily required to retain Ochoa's records for 7 years (28 Pa.C.S. § 563.6), and that more than that period of time had elapsed between 2009 (the final year in which Ochoa

_(Footnote Continued Next Page)_

Ochoa has submitted no legal authority for the proposition that Conway's affidavit could not be considered as competent evidence in this case. Nor has he submitted legal authority for the proposition that he was entitled to question Conway before her affidavit could be considered as competent evidence in support of the motion to dismiss. Thus, Ochoa has waived all potential issues on appeal due to the deficiencies in his 1925(b) statement and his brief, and even if he had adequately raised issues as to whether there was competent evidence to support the dismissal, such claims would have no legal merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2022

---

received treatment) and 2021 (the year in which Ochoa submitted the necessary authorization for the release of those materials).